

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

PERRY E. FUTCH                                           CIVIL ACTION

VERSUS                                                   NO. 00-0093

ST. HELENA SHERIFF'S DEPARTMENT,                         SECTION "B" (2)
RONALD "GUN" FICKLIN, IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
THE ST. HELENA PARISH OF THE ST.
HELENA PARISH SHERIFF'S DEPARTMENT,
AND JOE DOE AND WAYNE TRAVIS, IN
THEIR CAPACITY AS EMPLOYEES OF THE
ST. HELENA PARISH SHERIFF'S DEPARTMENT

**O R D E R**

The record reflects that plaintiff has raised claims against defendants, the St. Helena Parish Sheriff's Department, St. Helena Parish Sheriff Ronald "Gun" Ficklin, Deputy Wayne Travis, and other unidentified St. Helena Parish Sheriff's Deputies. Plaintiff alleges constitutional and civil rights violations by the defendants through actions which took place during his arrest and

DATE OF ENTRY
MAY 23 2000



thereafter while in the custody of the St. Helena Parish Sheriff's Department in and near Greensburg, Louisiana.

Title 28, Section 1406(a) of the United States Code allows a district court in which a case is filed laying venue in the wrong district to transfer the case to the district or division in which it could have been properly brought. Title 42, Section §§ 1983, 1985 and 1986 of the United States Code contain no specific venue provisions. Venue must therefore be determined under the general venue statute, 28 U.S.C. § 1391. See Jones v. Bales, 58 F.R.D. 453 (N.D. Ga. 1972), aff'd, 480 F. 2d 805 (5th Cir. 1973).

Under the general venue provisions, a civil action, not founded solely on diversity of citizenship, may be brought only in 1) the judicial district where any defendant resides, if all defendants reside in the same State; or 2) the judicial district in which a substantial part of the events occurred; or 3) the judicial district in which any defendant may be found if there is no other district in which the claim may be brought. 28 U.S.C. § 1391(b).

The allegations of the complaint reflect that the defendants reside or may be found in St. Helena Parish. The claims arise from alleged acts and occurrences which took place in St. Helena Parish. Thus, the court of proper venue would be the United States District Court for the Middle District of Louisiana. The interests of

justice dictate that this case be heard in the Middle District of Louisiana. Accordingly,

**IT IS ORDERED** that the above-captioned case be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

New Orleans, Louisiana, this 22nd day of May, 2000.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE